IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>SHANE MARCHANT ROSSMAN,<br><br>　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No.  1:06CR102 DAK |

　　　　This matter is before the court on Defendant's Motion to Suppress.  Defendant filed the motion on February 1, 2007, alleging that the search warrant executed on November 8, 2006 and the accompanying affidavit in this matter did not contain probable cause.  Briefs were submitted on behalf of the Defendant on February 1, 2007, and on behalf of the Government on February 8, 2007.  After a request for a continuance filed by Defendant, oral argument was eventually heard on August 9, 2007.  At the hearing, Defendant was represented by Ron Yengich, and the United States was represented by Adam Elggren.  Before the hearing, the court carefully considered all pleadings, memoranda, and other materials submitted by the parties.  Since taking the matter under advisement, the court has further considered the law and facts relating to this motion.  Now being fully advised, the court renders the following Memorandum Decision and Order.

　　　　Having considered the warrant and affidavit, which are attached to the Government's brief as Appendix A, along with the arguments made by the Defendant and the Government, the

court makes the following Findings of Fact and Conclusions of Law:

The search warrant signed by Second District Judge Rodney S. Page, when considered with the accompanying affidavit signed by Officer Clint Shaw, contains probable cause to believe items of contraband or evidence of crimes would be found within the premises to be searched at the time the warrant was to be executed.

The affidavit sets forth sufficient facts which, while lacking in the desired specificity in some regards, adequately support the probable cause of the warrant.  Such facts include: that the Defendant was previously convicted of uttering a forged or altered prescription (albeit almost four years earlier); that a confidential informant attested to the affiant that the Defendant was in the practice of illegally selling prescription drugs (although the time frame of this information is unknown); that the Defendant's co-resident has been convicted multiple times for drug-related crimes; that approximately 14 months earlier, a complaint had been made to the affiant from the Department of Child and Family Services that the Defendant had admitted to abusing illegal narcotics, including methamphetamine and prescription drugs; and finally, that a trash cover of the Defendant's residence had been conducted eight days prior to issuance of the warrant and found therein were various items of drug use paraphernalia, many of which had traces of residue that tested positive for methamphetamine.

The court reviews "the sufficiency of the affidavit upon which a warrant is issued by looking at the totality of the circumstances and simply ensuring 'that the magistrate had a substantial basis for concluding that probable cause existed.'" *United States v. Tisdale*, 248 F.3d 964, 970 (10th Cir. 2001).   Probable cause is defined as " a fair probability that contraband or

evidence of a crime will be found in a particular place." *Illinois v. Gates*, 402 U.S. 213, 238 (1983).

Probable cause cannot be based solely on "stale information that no longer suggests that the items sought will be found in the place to be searched." *United States v. Harris*, 369 F.3d 1157, 1165 (10th Cir. 2004). However, an affidavit with information adequate to support a probable cause determination is not invalidated by the inclusion of other state information. *Id.* at 1165-66. Recent information may corroborate or refresh the allegedly stale information. *Id.* at 1166.

In the instant case, while many of the individual facts supporting probable cause either lack specificity or are removed in time, when taken as a whole, they reveal a pattern of conduct by the Defendant which, when combined with the fresh information from the trash cover, would reasonably lead a magistrate judge to conclude that items of contraband or evidence would be found at the Defendant's residence. The court concludes, therefore, that the affidavit contains sufficient information to support a finding of probable cause for the issuance of a search warrant.

Even if the warrant lacked probable cause, it was not so lacking in probable cause that no reasonable officer could rely upon it. In *United States v. Leon*, the United States Supreme Court stated that where an officer, acting in objective good faith, has obtained a search warrant from a judge or magistrate that is ultimately found to be unsupported by probable cause, any evidence obtained from the resultant search or seizure may be admitted as evidence in the prosecution's case in chief, despite the fact that it is illegally obtained. 468 U.S. 897, 913 (1984). The *Leon* Court held the evidence should not be suppressed because the magistrate made the error, not the

officer who reasonably relied on the magistrate's action. *Id*. 468 U.S. at 916-17.

For the foregoing reasons, the Defendant's Motion to Suppress Evidence is hereby DENIED.

DATED this 31st day of August, 2007.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge